**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEIEL REESE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 20 C 7488 |
| | ) | |
| COOK COUNTY et al., | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deiel Reese moves for leave to file a second amended complaint [102] pursuant to Federal Rules of Civil Procedure 15(a) and 15(c). Reese seeks to dismiss several defendants and associated claims, add three new defendants, and add a count of excessive force. For the reasons below, the Court grants in part and denies in part Reese's motion.

## BACKGROUND

Plaintiff Deiel Reese is incarcerated the Illinois Department of Corrections' Stateville Correction Center in Crest Hill, Illinois.[1] On December 16, Reese filed two complaints, alleging denial and delay of medical treatment. (Dkt. 1); Complaint, *Reese v. Dart*, No. 20-cv-7489 (N.D. Ill. Dec. 16, 2020), ECF No. 1. One of Reese's original complaints describes an incident at Cermak Hospital on April 17, 2020. (Dkt. 1 at 4).[2] In his other original complaint, Reese detailed events ten days later, on April 30, 2020, while he was housed in a designated COVID-19 recovery ward at the Cook County Jail. Complaint at 4, *Reese*, No. 20-cv-7489. Relevant here, around 10 a.m., Superintendent Martha Yoksoulian entered the ward and ordered three unknown correctional officers to mace an inmate. *Id.*; *see also* (Dkt. 11 ¶¶ 35–52). Reese began to choke on the fumes, and he requested help from Superintendent Yoksoulian, explaining that he was asthmatic while holding up his inhaler. Complaint at 4, *Reese*, No. 20-cv-7489. While experiencing an asthma attack, Reese was "removed from his cell to be searched." *Id.* Then, he was placed back in his cell without medical attention. *Id.*

On June 8, 2021, Reese amended his complaint, adding Defendants Cook County, Cermak Health Services, six named nurses, a named doctor, and "Unknown Cook County Jail Personnel."

---

[1] *Individual in Custody Search*, IDOC, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Oct. 17, 2023).
[2] Because Reese intends to dismiss his claims arising from the hospital incident, (Dkt. 102), the incident requires no further discussion.

(Dkt. 11). Reese's First Amended Complaint in this action combined the allegations in both of his original complaints. (*See id.*). On October 11, 2022, this case was transferred to this Court from the Honorable Robert M. Dow Jr. (Dkt. 75). After repeated extensions and a pause on discovery during the pendency of a motion to dismiss, fact discovery closed on July 14, 2023, more than sixteen months after the original deadline of March 4, 2022. (*See* Dkts. 29, 101). Just over one month after the close of fact discovery, on August 21, 2023, Reese moved for leave to file a second amended complaint. (Dkt. 102). Aside from the voluntary dismissal of the Medical Defendants and associated claims, Defendants oppose Reese's motion. (Dkt. 105). Defendants argue that amendment would be improper because Reese's claims are untimely, prejudicial, and time-barred. (*See id.* at 3, 7).

## LEGAL STANDARD

The Court gives leave to file an amended complaint "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Permitting amendment liberally promotes the preference for resolving cases on the merits "whenever possible, absent countervailing considerations." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016) (quoting *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000)). Yet, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Where the statute of limitations has expired on a movant's new claim, the claim must "relate back" to the original complaint. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) (collecting cases); *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 740 (7th Cir. 2018). Under Rule 15(c)(1)(B), an amendment relates back to the original pleading date when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *Supreme*, 902 F.3d at 741. In addition to the same-transaction-or-occurrence requirement, where an amendment would add a new defendant, Rule 15(c)(1)(C) requires that the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits" within the Rule 4(m) period;[3] and the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021) (quoting Fed. R. Civ. P. 15(c)(1)(C)), *cert. denied*, 142 S. Ct. 1414 (2022). Yet, there is no mistaken identity for relation-

---

[3] Rule 4(m) requires a defendant to be served within 90 days of a complaint being filed. Otherwise, the complaint must be dismissed without prejudice, or the court must order service be made within a specific time. The court must extend the time for service if "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m).

back purposes "where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (citations omitted); *Herrera*, 8 F.4th at 498.

## DISCUSSION

In his proposed second amended complaint, Reese would like to (1) dismiss seven defendants; (2) replace three Doe defendants with named defendants; and (3) add a claim for excessive force. (Dkt. 102). The Court takes these issues up in order of simplicity.

### A.        Dismissal of Medical Defendants

Starting with the easy issue, Reese seeks to drop his claims against the seven Medical Defendants—Cermak Health Services of Cook County, Dr. Wakas Ahmad, Nurse Jonathan Taylor, Nurse Glen Trammel, Nurse Gary Sheehan, Nurse Kingston Olikugu, and Donald MacLellan—in a second amended complaint. (Dkt. 102). Defendants do not object. (Dkt. 105 at 1). So, that portion of Reese's motion is granted. *See* Fed. R. Civ. P. 15(a)(2) (allowing leave to amend based on the opponent's written consent).

### B.        Addition of Previously Unnamed Doe Defendants

Reese also seeks to add three new defendants in the proposed second amended complaint: Lieutenant Eric Velez, Sergeant Nicole Rafferty, and Sergeant Patrick Fitzgerald. (Dkt. 102). All three appeared in the First Amended Complaint as "Unknown Cook County Jail Personnel." (Dkt. 11). Reese asserts that the previous complaint's inclusion of these three Doe defendants was a "mistake" under Rule 15(c). (*See* Dkt. 107 at 8–11). Not so. Reese relies on the Supreme Court's ruling in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). In *Krupski*, the proper defendant, Costa Crociere, should have known that the plaintiff mistakenly named its related corporate entity, Costa Cruise, in the original complaint. *Krupski*, 560 U.S. at 556–57. Accordingly, the Court held the amendment to change "Costa Cruise" to "Costa Crociere" related back to the plaintiff's original complaint because of the mistake. *Id.* at 554–55.

Yet, in *Herrera v. Cleveland*, the Seventh Circuit distinguished *Krupski* in upholding the longstanding "John Doe rule." *Herrera*, 8 F.4th at 499 (citing *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012), *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993), and *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). According to the John Doe rule, an unnamed Doe defendant is no mistake under Rule 15(c). *Id.* at 497–98. If a plaintiff knows that he does not know the proper defendant's name, using a John Doe as a placeholder is a "conscious choice, not an inadvertent error." *Id.* at 498–99. Thus, Reese's only mistake is ignoring the *Herrera*'s interpretation of *Krupski*—which forecloses his purported "mistake." Since Reese has not made a "mistake" under Rule 15(c), his claims against Lt. Velez, Sgt. Rafferty, and Sgt. Fitzgerald do not

relate back to a timely pleading. There is no need to consider Reese's arguments pursuant to Rule 15(a)(2). (*See* Dkt. 107 at 3–4). Reese may not add Lt. Velez, Sgt. Rafferty, or Sgt. Fitzgerald as defendants in a second amended complaint.

## C.    Addition of Excessive Force Count

Lastly, Reese seeks to add a new count, alleging excessive use of force, pursuant to 42 U.S.C. § 1983. (Dkt. 102-1 ¶¶ 66–67). Reese would bring this claim against Defendants Cook County, Superintendent Yoksoulian,[4] and the three correctional officers, Lt. Velez, Sgt. Rafferty, and Sgt. Fitzgerald. (*See id.*) As explained, adding the three correctional officers is off the table.

The parties agree that the statute of limitations for the new claim ran on April 30, 2022.[5] (*See* Dkt. 105 at 9; Dkt. 107 at 7). So Reese asserts this new count relates back to the occurrences detailed in his timely original complaint. (Dkt. 107 at 7–8); *see* Fed. R. Civ. P. 15(c)(1)(B). Relation back requires that "the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina*, 466 F.3d at 573 (citations omitted). Applying that test, Reese's new claim arises out of the same mace incident laid out in the timely original complaint and First Amended Complaint. (*Compare* Dkt. 102, *with* Dkt. 1, *and* Dkt. 11). In the proposed excessive-force count, Reese asserts that Superintendent Yoksoulian knew of the planned alleged excessive use of force and failed to stop it by allowing the deployment of mace or teargas in a Covid Recovery Ward. (Dkt. 102-1 ¶¶ 26–27). Reese also blames Cook County for the alleged excessive use of force. (*Id.* at ¶¶ 66–67).[6] The original complaint's description of the mace incident sufficed to put Superintendent Yoksoulian and Cook County on notice of Reese's excessive-force claim.

Satisfied that the new excessive-force claim relates back, the Court turns to the factors set out in Rule 15(a)(2). *See, e.g.*, *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993) (stating "[t]hat

---

[4] Although neither party addresses this explicitly, Reese mistakenly named Defendant Superintendent Martha Yoksoulian as "Superintendent York Soulian" in the original complaint and the First Amended Complaint. (Dkt. 1; Dkt. 11). Correcting such an obvious mistake is within the bounds of Rule 15(c)(1)(C)(ii)—in stark contrast to Reese's allegations against placeholder Doe defendants.

[5] 42 U.S.C. § 1983 does not provide an explicit statute of limitations. Instead, the Court must borrow the forum state's statute of limitations for analogous claims, which is two years in Illinois. *Licari v. City of Chi.*, 298 F. 3d 664, 667–68 (7th Cir. 2002). Because a claim of excessive force accrues as soon as the alleged excessive force occurs, the statute of limitations on the proposed claim expired two years after April 30, 2020. *Id.*

[6] To succeed on a § 1983 claim against Cook County, Reese must allege that its "official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind his constitutional injury." *See Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)); *Nelson v. City of Chicago*, 992 F.3d 599, 606 (7th Cir. 2021) ("Section 1983 'does not incorporate the common-law doctrine of respondeat superior.'" (quotation omitted)); *see also Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978). Cook County does not challenge Reese's new claim against it as futile. Should Defendants move to dismiss, the Court will address the sufficiency of Reese's amended pleading with the benefit of briefing.

4

an amendment would relate back to the original pleading does not make it appropriate for the court to permit the amendment."). Defendants assert that adding the proposed count at this stage would prejudice them by necessitating additional discovery. (*See* Dkt. 105 at 5–6). Yet, in light of this Court's decision to deny leave to add any new defendants, the burden will be limited. That prejudice does not outweigh the liberal policy in favor of deciding Reese's claim on the merits. Nor does the Court perceive any undue delay, bad faith, or dilatory motive on Reese's part. Reese explains that the facts underlying his new claim only became available through discovery. (*See* Dkt. 107 at 3–4). Accordingly, the Court grants Reese's motion for leave to file a second amended complaint including an excessive-force claim against Superintendent Yoksoulian and Cook County.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Reese's motion for leave to file the proposed second amended complaint [102]. Reese's request to voluntarily dismiss his claims against the Medical Defendants is granted. But Reese is denied leave to replace "unknown officers" with Lt. Velez, Sgt. Rafferty, and Sgt. Fitzgerald. Reese may raise the proposed excessive-force claim against Superintendent Yoksoulian and Cook County in a second amended complaint, to be filed no later than November 13, 2023. The Court further directs the parties to confer and propose an extended discovery schedule by November 20, 2023.

Virginia M. Kendall
United States District Judge

Date: October 30, 2023

5